**ALBERT E. REED & CO., Ltd., Libelant,**
**v.**
**M/S THACKERAY, her engines, boilers, etc., and Chine Shipping Co., Limited, a foreign corporation, Respondents.**
**Civ. A. No. 1272.**

United States District Court
N. D. Florida,
Pensacola Division.
Aug. 11, 1964.

Brendan P. O'Sullivan, Fowler, White, Gillen, Humkey & Trenam, Tampa, Fla., for claimant-respondent.

William W. Henderson, Jr., Fisher & Hepner, Pensacola, Fla., for libelant.

CARSWELL, Chief Judge.

The issue presented for determination here is which of two instruments control; the charter agreement or the bill of lading? All of the essential facts are undisputed.

Libelant, Albert E. Reed & Co., Ltd., filed in admiralty in this Court against the motor vessel THACKERAY and against Chine Shipping Co., Ltd., alleging that 2,312 bales semi-bleached craft wood pulp were delivered to the THACKERAY at Panama City, Florida, about November 7, 1961, in good order and condition to be carried to London, England; that the said goods were delivered in a damaged condition; further allege that the Libelant was the consignee or the owner of the goods and sought recovery for the alleged damage; the Libel also alleged that the THACKERAY was at the relevant time engaged in the common carriage of merchandise by water for hire and that the said goods were shipped in accordance with the terms of a bill of lading.

The claimant-respondent, Chine Shipping Co., Ltd., admitted that it owned and operated the THACKERAY at material times and admitted the receipt of the wood pulp at Panama City, Florida, but denied the alleged damage to the goods, and more to the point here, denied that the goods were carried pursuant to the terms of a bill of lading. Among other defenses, and the one upon which this motion for summary judgment is predicated, claimant-respondent alleged that the subject merchandise had been carried on the THACKERAY pursuant to a charter party, a contract of private carriage, made and executed between libelant and claimant-respondent at London, England, on or about October 5, 1961, and set up Article 21 of the said charter party between these parties to this litigation as a complete defense. Article 21 provides as follows:

"21. All disputes from time to time arising out of this contract shall, unless the parties agree forthwith on a single arbitrator, be referred to the final arbitrament of two arbitrators carrying on business i:. London, who shall be members of the Baltic engaged in the shipping and/or grain trades, one to be appointed by each of the parties, with power to such arbitrators to appoint an umpire. Any claim must be made in writing and claimants' arbitrator appointed within three months of final discharge and where this provision is not complied with the claim shall be deemed to be waived and absolutely barred. No award shall be questioned or invalidated on the ground that any of the arbitrators is not qualified as above, unless objection to his acting be taken before the award is made."

Claimant-respondent alleged, and subsequently developed on the record here, the fact that the libelant had failed to appoint any such arbitrator within three months of the final discharge of the cargo, and bases its motion for summary judgment thereupon pursuant to Rule 58 of the Rules of Practice in Admiralty and Maritime Cases of the United States Supreme Court.

In opposition to this motion the libelant contends that the terms of the bill of lading, accompanying this cargo, were controlling without reference to the terms of the charter party. Libelant contends that the bill of lading upon which the suit is based was issued by the shipper's agent to Central National Corporation, the shipper, which company is not a party to the charter and, quoting from the Libel itself "brings the action on its own behalf and as agent and trustee on behalf of and for the interest of

all parties who may be or become interested in said shipment as their respective interest may ultimately appear, * * *." Libelant says underwriters paid the damages to Albert E. Reed & Co., the named libelant here and the ultimate consignee, and took a subrogation receipt. It contends that the claim is actually on the bill of lading as the contract of carriage and the rights of the named libelant, Albert E. Reed & Co., are derived from Central National Corporation under the bill of lading. It says that the argument is the same as if suit had been filed in the name of Central National Corporation; and, since this was a foreign shipment, the Carriage of Goods by Sea Act applies and the owner cannot cut down its liability under the provisions of the Act. It refers specifically to provisions in the Carriage of Goods by Sea Act in 46 U.S.C. § 1305 that "[t]he provisions of this chapter shall not be applicable to charter parties; but if bills of lading are issued in the case of a ship under a charter party, they shall comply with the terms of this chapter." The bill of lading issued to Central National Corporation complied with these provisions by incorporating the terms of the Act. Claimant-respondent, in support of its motion for summary judgment here, also cites the same statutory provision in support of its position.

This Court concludes that claimant-respondent's position is correct and that its motion should be granted.

In Ministry of Commerce, etc. v. Marine Tankers Corp., 194 F.Supp. 161 (S.D.N.Y.1960), the question was presented as to the precedence of provisions of the bill of lading or the charter party and said:

"In cases in which the relevant provisions of the charter and bill of lading are inconsistent, the courts have looked to the identity of the contending parties to determine which document controls. If a transferee of the bill of lading is one of the parties, the bill and not the charter is treated as the governing instrument. Since the transferee of the negotiable bill is not a party to the charter, that original contractual document does not constitute a contract of carriage upon which his rights are based. (citing cases) *On the other hand, in cases where the bill of lading remains in possession of the charterer himself, i. e., in a controversy between charterer and shipowner, the bill of lading has been regarded as a mere receipt which does not supersede the charter provisions.* (citing cases) (Emphasis supplied).

For further authority in general conformity: The TEMPLE BAR, 45 F. Supp. 608 (D.Md.1942), affirmed 137 F. 2d 293 (4 Cir. 1943); Government of Indonesia v. The GENERAL SAN MARTIN, 114 F.Supp 289 (S.D.N.Y. 1953); Reynolds Jamaica Mines v. La Societe Navale Caennaise, 239 F.2d 689 (4 Cir. 1956).

As noted in Ministry of Commerce, supra, the determinative issue in this case is the identity of the contending parties to determine which document controls. In this connection the Court notes that Central National Corporation, to whom libelant alleges the original bill of lading was issued, is not a party to this action; neither does it appear that it was the holder of the bill of lading at the time of the alleged damage to the goods. The libelant here, Albert E. Reed & Co., Ltd., was the charterer of the vessel and alleged that it was "the consignee or owner of the said goods." Since libelant alleges it is suing on the bill of lading, libelant is presumptively the holder of the bill of lading. The Court agrees, therefore, with claimant-respondent's contention that the libelant here is both a party to the charter party (the charterer) and the holder of the bill of lading. The Court also agrees with claimant-respondent that the central issue is: which document is controlling between libelant and respondent not what right of action some one not a party to this cause might have had if it was the holder of the bill of lading at the time the alleged

damage was sustained. Libelant concedes that cargo underwriters have paid this claim to libelant and that this is a subrogation claim. Accordingly the subrogee takes both rights and liabilities of the subrogor and can be in no better position than the party from whom it derives such rights and liabilities.

Since there is no genuine issue as to any material fact and since the Court concludes that the charter party is controlling in this case over the bill of lading, the Court concludes that claimant-respondent is entitled to judgment as a matter of law in accordance with the provisions of Rule 58 of the Rules of Practice in Admiralty and Maritime Cases of the United States Supreme Court and it is, therefore, hereby

Ordered that claimant-respondent's motion for summary judgment be and it is hereby granted.